**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYHLEEMAH SIMMONS,** | : | **Civil Action No.** |
| 900 N 53rd Street | : | |
| Philadelphia, PA 19151 | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **LLANERCH COUNTRY CLUB,** | : | |
| 950 West Chester Pike | : | |
| Havertown, PA 19083 | : | |
|     **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Kyhleemah Simmons (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Llanerch Country Club (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Llanerch Country Club is a private social club with a location and headquarters located at 950 West Chester Pike, Havertown, PA 19083.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on May 1, 2025, alleging gender discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-05769 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated December 1, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is female.

21. On or about September 19, 2023, Defendant hired Plaintiff in the position of Pantry Cook.

22. Plaintiff was well qualified for her position and performed well.

23. Importantly, Plaintiff was the only female Kitchen Staff out of approximately ten (10) total employees on the night shift at Defendant.

## PLAINTIFF WAS SUBJECTED TO GENDER DISCRIMINATION

24. Throughout her employment with Defendant, Justin Onopa (male), Executive Chef/Kitchen Manager, consistently talked down to Plaintiff and other female employees including Adriana Hall, Waitress, Brittney Last Name Unknown ("LNU"), Waitress, and Mikia Vanderhorst, Waitress, at Defendant.

25. Onopa accused the female employees of causing issues and not doing their jobs properly.

26. Onopa frequently raised his voice, yelling at Plaintiff and the other female employees.

27. Onopa did not speak to Plaintiff's male counterparts, including, but not limited to, Andre Long, Line Cook, Darius Cofield, Line Cook, and Justin LNU, Food Runner, in this manner.

28. Further, Onopa terminated Lenai Hill (female), Server, when she took off for vacation time during Defendant's slow season.

29. However, Long and Jamir Smith (male), Line Cook, were frequently no call no shows, but Onopa did not discipline or terminate them for these attendance issues.

30. On at least five (5) occasions, Onopa made comments under his breath, stating "hmph women", or words to that effect, when something went wrong at Defendant.

### PLAINTIFF WITNESS ONOPA SEXUALLY HARASS A FEMALE COWORKER

31. Beyond this, Plaintiff witnessed Onopa smack Vanderhorst's buttocks, pinch her buttocks and smell her hair on numerous occasions.

32. The female coworker did not report this conduct out of fear of retaliation.

### ONOPA ISSUED PLAINTIFF AN UNWARRANTED WRITTEN DISCIPLINE

33. On or about December 4, 2024, one of the Kitchen Staff members left work approximately one (1) hour early.

34. Onopa was not aware that a Kitchen Staff member was leaving early that day.

35. Therefore, the kitchen was not prepared to be short-staffed for that hour of work.

36. This caused everyone in the back of the kitchen, including Plaintiff, to get backed up in their job tasks.

37. Plaintiff was assigned to line work in the kitchen, which she does not typically do.

38. Onopa began to yell at and ridicule Plaintiff, Vanderhorst, Brittney, and Hall during this time.

39. The next week, Onopa issued Plaintiff a written discipline for "having at attitude", or words to that effect, when she was assigned to line work in the kitchen on or about December 4, 2024.

### PLAINTIFF COMPLAINED OF GENDER DISCRIMINATION

40. Upon receiving the written discipline, Plaintiff complained to Eric Bowers, Sous Chef, in person about Onopa's disparate treatment.

41. Plaintiff complained to Bowers that Onopa treated his male subordinates more favorably than he treated his female subordinates.

42. However, Bowers was dismissive of Plaintiff's complaint.

### **PLAINTIFF HAD AN ARGUMENT WITH A MALE COWORKER**

43. On or about January 23, 2025, Cofield began to argue with Plaintiff, screaming at her and cursing at her.

44. Plaintiff yelled that Cofield was not doing his job properly.

45. Cecil Hilton, Food and Beverage Director, stated that both Plaintiff and Cofield that were equally at fault.

### **DEFENDANT TERMINATED PLAINTIFF**

46. On or about January 24, 2025, Onopa terminated Plaintiff for the argument she had with Cofield the previously day.

47. However, Cofield was not disciplined or terminated for this argument.

48. Plaintiff complained that Cofield and she should not have been treated differently.

49. Nonetheless, Onopa upheld the termination, stating that the decision had already been made.

50. Defendant discriminated against Plaintiff due to her gender and retaliated against her for complaining of gender discrimination in violation of Title VII and the PHRA.

51. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

### **COUNT I – GENDER DISCRIMINATION**
### **TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED**

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. Plaintiff is a member of protected classes in that she is female.

54. Plaintiff was qualified to perform the job.

55. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

56. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

57. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

58. The reasons cited by Defendants for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

59. Defendants terminated Plaintiff.

60. As a result of Defendants' unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

61. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – GENDER DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. Plaintiff is a member of protected classes in that she is female.

64. Plaintiff was qualified to perform the job.

65. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

66. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

67. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

68. The reasons cited by Defendants for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

69. Defendants terminated Plaintiff.

70. As a result of Defendants' unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

71. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

72. Plaintiff engaged in activity protected by Title VII.

73. Plaintiff made an internal complaint of gender discrimination.

74. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

75. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

76. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

77. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

78. Plaintiff engaged in activity protected by the PHRA.

79. Plaintiff made an internal complaint of gender discrimination.

80. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

81. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kyhleemah Simmons, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees,

9

agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j)  Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: March 2, 2026         By:  */s/David M. Koller*
                                 David M. Koller, Esquire
                                 Jordan D. Santo, Esquire
                                 2043 Locust Street, Suite 1B
                                 Philadelphia, PA 19103
                                 215-545-8917
                                 davidk@kollerlawfirm.com
                                 jordans@kollerlawfirm.com

                                 *Counsel for Plaintiff*